107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Wayne JACKSON, Defendant-Appellant.
 No. 96-5902.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1997.
 
 1
 Before: KENNEDY, NELSON, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 Donald Wayne Jackson appeals the conviction and sentence following his guilty plea to devising a scheme to defraud and obtain money by false pretenses through use of the United States mail in violation of 18 U.S.C. § 1341. The district court sentenced Jackson to one month of imprisonment, five months of home detention, and three years of supervised release. The court also ordered Jackson to pay restitution in the amount of $9,309.63 and imposed a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In this timely appeal, Jackson's counsel has filed a motion to withdraw his representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he argues that the district court improperly imposed a term of supervised release. Jackson has not responded to his counsel's motion to withdraw.
 
 
 4
 Upon review, we conclude that Jackson's argument is without merit. Jackson argues that the district court exceeded its discretion in ordering him to submit to a three year term of supervised release following his incarceration and home detention. However, after the court has revoked a defendant's supervised release, the court may impose a new term of supervised release to follow the defendant's imprisonment, if the term of imprisonment is less than one year. See USSG § 5D1.1(b). Consequently, the court properly exercised its discretion in imposing the term of supervised release.
 
 
 5
 Lastly, we have examined the record in this case, including the transcripts of the guilty plea and sentencing hearings, and conclude that no reversible error is apparent from the record.
 
 
 6
 Accordingly, the court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation